UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LITTLE & GORGEOUS INC.,<br><br>                    Plaintiff,<br>     v.<br><br>ALYSSA O'NEIL,<br><br>                    Defendant. | CASE NO. 3:25-mc-05006-DGE<br><br>ORDER ON MOTION TO SEAL (DKT. NO. 3) |

This matter comes before the Court on the Parties' stipulated motion to seal. (Dkt. No. 3.) The motion states, in its entirety: "Leave to file under seal is sought because the relevant documents contain information (screenshots) that Respondent designated as classified confidential information pursuant to the protective order in this case (entered in the Western District of Texas, Civil Action No. 5:23-cv00533-JKP-RBF)." (Dkt. No. 3 at 1.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access

to judicial records is not absolute," there is a "strong presumption in favor of access." *Id*. "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted). Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Center for Auto Safety*, 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc*., 435 U.S. 589, 599 (1978)).

Additionally, Local Rule 5(g) specifies that a motion to seal a document, *even if it is a stipulated motion*, must include the following:

(A) A certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;

(B) A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:

   i.   the legitimate private or public interests that warrant the relief sought;

   ii.  the injury that will result if the relief sought is not granted; and

   iii. why a less restrictive alternative to the relief sought is not sufficient

The motion filed by the Parties does not include such a certification or statement.

1     Accordingly, Plaintiff's unopposed motion to seal (Dkt. No. 3) is DENIED without
2 prejudice. Notwithstanding, the document containing the screenshots shall remain sealed while
3 Plaintiff files a new motion. Any renewed motion to seal SHALL be filed **no later than July**
4 **15, 2025, or the deposition transcript will be unsealed**.

    Dated this 1st day of July, 2025.

                                    David G. Estudillo
                                    United States District Judge