UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LITTLE & GORGEOUS INC., <br><br>                Plaintiff,<br>    v.<br><br>ALYSSA O'NEIL,<br><br>                Defendant. | CASE NO. 3:25-mc-05006-DGE<br><br>ORDER TRANSFERRING MOTION TO COMPEL (DKT. NO. 1) TO WESTERN DISTRICT OF TEXAS AND CLOSING CASE |

      Petitioner Little & Gorgeous Inc. filed a motion to compel compliance with subpoena by non-party respondent Alyssa O'Neil. (Dkt. No. 1.) "Federal Rule of Civil Procedure 45 explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party . . . as well as motions to quash or modify or to compel compliance with such a subpoena." *Orix USA Corp. v. Armentrout*, 2016 WL 3926507, at *1 (N.D. Tex. July 21, 2016) (internal quotation marks omitted). The motion to compel production was properly filed in this district, where compliance with the subpoena will occur. Fed. R. Civ. P. 45(d)(2)(B)(i).

The underlaying litigation is *Little & Gorgeous Inc. v. Wild Tribe Screen Prints LLC* et al, 5:23-cv-00533-JKP-RBF, which has been pending for over two years in the Western District of Texas.

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id*. 45(f). "Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate." *Armentrout*, 2016 WL 3926507, at *2 (citation omitted). The Advisory Committee Notes to Rule 45 discuss what may constitute exceptional circumstances, finding "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. The Notes caution that "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id*.

"Courts have also considered a number of factors relating to the underlying litigation including 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). "'Numerous district courts have found exceptional circumstances' when motion practice 'in the issuing court raises similar arguments to those raised in the motion sought to be transferred.'" *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-MC-80083-TSH, 2020 WL 4464882, *2 (N.D. Cal. Aug. 3, 2020) (quoting *E4*, 2015 WL 12746706, at *3 (citations omitted)). For

1  example, transfer is warranted when the issuing court has already considered issues implicated in
2  a subpoena related motion, or where "ruling on the motion to compel would require the court of
3  compliance to duplicate review already conducted by the issuing court, or where it would risk
4  disruption of the issuing court's management of the underlying litigation." *Id*.  In such
5  circumstances, the issuing court is better positioned to rule on the motion due to its familiarity
6  with the underlaying facts and issues.  *Id*.  Ultimately, "[w]hile a 'prime concern' is to 'avoid
7  burdens on local nonparties subject to subpoenas,' this 'interest of the nonparty in obtaining local
8  resolution of the motion[ ]' must be balanced with the interests in ensuring the efficient, fair and
9  orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc. v. Valle Del
10 Sol, Inc*., 307 F.R.D. 30, 34 (D.D.C. 2014) (quoting Advisory Committee Notes on 2013
11 Amendments.)
12      Here, the underlaying litigation has been pending for over two years, and the Western
13 District of Texas has already ruled on motions to compel discovery (5:23-cv-00533-JKP-RBF
14 Dkt. No. 49) that implicate the Respondent in this matter—Alyssa O'Neill.  (*See* 5:23-cv-00533-
15 JKP-RBF Dkt. No. 35 at 3, 4, 9, 10, 11, 15).  Because the Western District of Texas "has already
16 ruled on discovery disputes in that matter . . . [the] court is assuredly more familiar with the
17 relevant issues and technical background of the dispute." *Bright House,* 2020 WL 4464882, at
18 *3.  Given the ongoing discovery motion practice there, the magistrate judge handling the case in
19 the Western District "is in a much better position than this Court to rule on the pending motions
20 to compel efficiently and in a manner consistent with prior rulings." *ASI, Inc. v. Boren, Osher &
21 Luftman, LLP*, No. MC 24-0151-FMO (JPRX), 2025 WL 1090173, *1 (C.D. Cal. Jan. 24, 2025);
22 *see also Wultz v. Bank of China, Ltd*., 304 F.R.D. 38, 45-46 (D.D.C. 2014) (transferring
23 subpoena-related motions under Rule 45(f) as judge in underlaying litigation was in "better
24

ORDER TRANSFERING MOTION TO COMPEL (DKT. NO. 1) TO WESTERN DISTRICT OF TEXAS AND CLOSING CASE - 3

position" to rule given her "familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation").

Although the burden of opposing the motion to compel will be greater on the local third parties in Texas than here, the Advisory Committee Notes to Rule 45 encourage courts to allow third party appearances by telephone in cases where a motion to compel has been transferred. *ASI,* 2025 WL 1090173, *2. Additionally, Rule 45(f) permits counsel to participate without having to find local counsel, which significantly lessens the burden on the local third party. Fed. R. Civ. P. 45(f) ("if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court"). Accordingly, it does not appear that the burden to the third party is great. Moreover, the magistrate judge in the Western District of Texas has agreed he is well positioned to rule on the pending motion. Transferring the motion will promote judicial economy, minimize the risk of any inconsistent rulings, and aid the magistrate judge in managing the underlaying litigation. *See Woodard v. Victory Recs. Inc.*, No. CV 14-490 ODW (AJW), 2014 WL 12569342, *1 (C.D. Cal. Mar. 12, 2014).

For these reasons, exceptional circumstances exist to transfer this motion (Dkt. No. 1) to the Western District of Texas for resolution. Accordingly, the motion to seal (Dkt. No. 10) is DENIED as moot. The Court directs the Clerk to close this matter after transfer of the motion to compel.

Dated this 31st day of July, 2025.

David G. Estudillo
United States District Judge

ORDER TRANSFERRING MOTION TO COMPEL (DKT. NO. 1) TO WESTERN DISTRICT OF TEXAS AND CLOSING CASE - 4